THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DADE DIVISION

                CASE NO.    14-21667-RAM

_____

IN RE:

FLOR LISSETTE MARTINEZ

                **Chapter 13 Debtor**

_____

DEBTORS' MOTION TO CONTINUE AUTOMATIC STAY PURSUANT TO
11 U.S.C. § 362(c)(3)(B) AND EXTEND TIME [*NUNC PRO TUNC*] FOR THE HEARING
AND DETERMINATION OF MOTION PURSUANT TO 11 U.S.C. §105(a)

_____

COMES NOW THE ABOVE-NAMED DEBTOR, by and through her undersigned attorney of record, MICHAEL E. ZAPIN, pursuant to 11 U.S.C. §362(c)(3)(B) hereby files this motion to continue the automatic stay and extend the time (nunc pro tunc) for the hearing and determination of said motion pursuant to this Court's equitable powers under 11 U.S.C. §105(a) and respectfully sets forth the following:

## BACKGROUND

1. On May 21, 2014, debtor filed among other documents, a voluntary petition for relief under chapter 13 of the United States Bankruptcy Code [DE 1].  Debtor did not file her required lists, schedules, statements, chapter 13 plan and/or information otherwise required under 11 USC Section 521a.

2. The within case was filed on an emergency basis, following a motion to shorten prejudice period, in order to stave off a foreclosure sale that was scheduled by creditor Wells Fargo against debtor's primary residence.   Debtor is confident that she will be able to maintain a successful chapter 13 case in order to save her home, by utilizing the Court's LMM program in order to do so.

### NEED FOR EQUITABLE RELIEF UNDER 11 U.S.C. §105(a) TO EXTEND TIME FOR HEARING AND DETERMINATION OF INSTANT 11 U.S.C. § 362(c)(3)(B) MOTION

3. As iterated in counsel's prior motion to extend time for filing of debtor's schedules [DE 9], counsel had been suffering from persistent flu-like symptoms over a ten day period and was relegated to working part-time from home.  Counsel is a sole practitioner with no other attorney that would have been available or expected to discharge the duties of undersigned counsel.   As a direct result of counsel's illness, counsel's abilities during that time period were impaired and there was an error made in counsel's diary for the timing and making of what should have been a timely motion to continue the stay.

4. Counsel has agonized over the error; counsel maintains a full docket for a sole practitioner and relies heavily on his diary system that was unfortunately compromised in this regard.  Debtor is in no way responsible for the error and has been fully cooperative in every sense regarding the preparation and progress of debtor's case.

**Legal Propositions**

5.  To continue the stay beyond that initial 30-day period, a debtor must: "(1) file a motion for continuation; (2) there must be notice and a hearing on debtor's motion; (3) the hearing must be completed within thirty days of the date of the petition; and (4) debtor

must prove that the filing of the new case is in good faith." *In re Franzese*, 2007 Bankr. LEXIS 2490, 5-6 (Bankr. S.D. Fla. July 19, 2007) (citing *In re Garrett*, 357 B.R. 128, 130 (Bankr. C.D. Ill. 2006)); see also *In re Toro-Arcila*, 334 B.R. 224, 225-226 (Bankr. S.D. Tex. 2005).

6. Yet, because termination of the automatic stay on the 30th day of the second case could subject the bankruptcy estate to irreparable injury, some courts have used their equitable power under 11 U.S.C. § 105 to continue the stay even when a properly noticed hearing did not occur within the 30-day period of § 362(c)(3)(B). See *Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 348 (Bankr. S.D. Ga. 2006).

7. In *Whitaker*, the failure to timely file the motion to continue was due to the "inadvertence of counsel" and not to debtor directly; debtor's assets became susceptible to creditor action, and the *Whitaker* court concluded that the balance of hardship weighed in the debtor's favor by reimposing the automatic stay.

8. Utilizing the *Whitaker* analysis, Judge Ray identified three factors to address when determining whether § 105(a) may be properly used to override stay termination under § 362(c)(3)(A). See *In re Franzese*, 2007 Bankr. LEXIS 2490, at *5-6 (Bankr. S.D. Fla. July 19, 2007) (citing *Whitaker*, 341 B.R. at 347). The factors are: (1) whether the filing by the debtor was in good faith; (2) the lack of objection by creditors; and (3) whether ". . . the inability to obtain a hearing date within the thirty day time frame was caused by the inadvertence of counsel." Id. (citing *Whitaker*, 341 B.R. at 347).

**Application of Factors to Facts At Bar**

**(a.) Good Faith**

9. In our case at bar, debtor submits that there was a tacit finding by the Court that the filing of her second bankruptcy case was indeed in good faith, as the circumstances of that filing were set out before the Court and before counsel for debtor's lender on debtor's prior motion to shorten the prejudice period for her to actually refile her case [See prior case, docket no. 13-16436-RAM, docket entry # 66 therein].

10. Counsel for debtor's lender in that prior case consented to the shortening of the prejudice period on debtor's representation that debtor's new chapter 13 case and plan would be providing for the same amount of monies to the lender as previously provided for in that case, which debtor readily agreed to. The Court granted debtor's motion to shorten the prejudice period (docket no. 13-16436-RAM, docket entry # 70 therein).

11. In fact, debtor's <u>present</u> chapter 13 plan comports with the representation to debtor's lender (i.e., $1,458.41 allocated to Wells Fargo as a proposed LMM payment).

**(b.) Lack of Objection by Creditors**

12. Although it remains to be seen whether there will be any objections by creditors, debtor will have all creditors served with her instant motion to afford them the due process to either object or consent to the relief requested herein.

**(c.) Inadvertence of Counsel**

13. As previously stated, debtor played no role in counsel's failure to have the motion to continue stay filed sufficiently in advance as to enable this Court to schedule a hearing and determine the motion within 30 days of the petition filing.

14. For all of the forgoing reasons, it is respectfully submitted that this Court may use the above factors to avoid the grave prejudice to debtor, by allowing debtor to have her motion to continue the stay heard at the next chapter 13 calendar, and upon the hearing thereof, granting said motion [nunc pro tunc] to continue the automatic stay.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**WHEREFORE**, it is respectfully requested that the Court enter an Order pursuant to 11 U.S.C. §362(c)(3)(B) continuing the automatic stay to all creditors for the duration of debtor's chapter 13 plan, and that the Court extend the time (*nunc pro tunc*) for the hearing and determination of said motion pursuant to this Court's equitable powers under 11 U.S.C. §105(a), and that the Court grant such other and further relief which it deems just and proper.

DATED THIS 20th     day of June, 2014

*/s/ Michael E. Zapin*

_____
MICHAEL E. ZAPIN
ATTORNEY FOR THE DEBTOR
FL STATE BAR NUMBER:  0037264
20283 State Road 7, Suite 400
Boca Raton, FL 33498
Tel.    561.367.1444
Fax.    561.948-2085
michaelezapin@gmail.com