

**ORDERED in the Southern District of Florida on September 11, 2014.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | CASE NO. 14-21667-RAM |
| | CHAPTER 13 |
| FLOR LISSETTE MARTINEZ, | |
| Debtor. | |

### SECOND AMENDED ORDER
### DENYING MOTION TO EXTEND THE AUTOMATIC STAY[1]

If a debtor had a prior case pending within a year of the filing date of a new case, the automatic stay terminates on the 30th day of the new case unless the court extends the stay "after notice and a <u>hearing completed</u> before the expiration of the 30-day period." 11 U.S.C. § 362(c)(3)(emphasis added). In

---
[1] Amended to correct spelling of Debtor's name.

this case, Flor Lissette Martinez (the "Debtor"), is asking the Court to extend the 30 day deadline under 11 U.S.C. § 105. Because the Supreme Court's controlling precedent prohibits bankruptcy courts from using § 105's equitable power to obtain a result contrary to an unambiguous Bankruptcy Code section, the relief must be denied.

Specifically the matter before the Court is the Debtor's Motion to Continue Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B) and Extend Time [*Nunc Pro Tunc*] for the Hearing and Determination of Motion Pursuant to 11 U.S.C. § 105(a) [DE# 22] (the "Motion to Extend"). The Motion to Extend is opposed by creditor Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo filed its Response in Opposition to Debtor's Motion to Continue Automatic Stay [DE #25] (the "Response") and appeared at the August 12, 2014 hearing on the Motion to Extend to argue its opposition.

### Background Facts

The Debtor first filed for bankruptcy on March 22, 2013, Case No. 13-16436 (the "First Case"). The First Case was dismissed on December 13, 2013 upon the Debtor's failure to confirm a chapter 13 plan. On May 15, 2014 the Debtor filed an emergency motion to shorten the prejudice period in the First

Case [DE #66], which this Court granted on May 21, 2014 [DE #70]. The Debtor then filed this case on May 21, 2014.

Pursuant to § 362(c)(3) the Debtor had until June 20, 2014 to complete a hearing on a motion to extend the automatic stay. The Debtor waited until June 20, 2014 at 7:08 p.m. to file the Motion to Extend the Automatic Stay, making it impossible to schedule a hearing before the 30 day statutory period expired.

The Motion to Extend asks this Court to extend the automatic stay despite not holding a hearing within 30 days from the petition date. The Debtor argues that pursuant to 11 U.S.C. § 105(a) other courts have granted this relief. In its response, Wells Fargo argues that § 105(a) cannot "override" the termination of the stay in § 362(c)(3)(A).

## Discussion

Several bankruptcy courts have held that § 105 cannot be used to extend the automatic stay after the 30 day deadline has expired or to "reimpose" the stay after it has terminated. *See e.g., In re Garrett*, 357 B.R. 128 (Bankr. C.D. Ill. 2006); *In re Jumpp*, 344 B.R. 21 (Bankr. D. Mass. 2006). However, at least two bankruptcy courts have granted relief to debtors who missed the 30 day statutory deadline. *In re Franzese*, 2007 W.L. 2083650 (Bankr. S.D. Fla. July 19, 2007) ("*Franzese*"); and *In re Whitaker*, 341 B.R. 336 (Bankr. S.D. Ga. 2006)("*Whitaker*").

3

In *Whitaker*, the debtors, like the Debtor in this case, filed a motion to extend the automatic stay late and the court could not hold a hearing within 30 days from the petition date. Relying on § 105 and concerned that the debtors would suffer because of the inadvertence of their counsel, the court granted the debtor's motion to reimpose the automatic stay.

In *Franzese*, Judge Ray relied on *Whitaker*, and also held that bankruptcy courts can utilize § 105(a) to reimpose the stay once it expires pursuant to § 362(c)(3)(A) if: (1) a debtor's new case is filed in good faith, (2) no impaired party objects, (3) debtor's counsel was inadvertent in not filing a timely motion or getting a hearing to extend the stay, and (4) the new case has a high likelihood of success.[2]

The narrow issue presented is whether § 105 of the Bankruptcy Code can be invoked to extend or impose the automatic stay once the stay has terminated under § 362(c)(3). Section 105 grants bankruptcy courts the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. Courts have struggled to define the limits of a bankruptcy court's equitable powers under § 105. The Supreme Court's decision in *Marrama v.*

---

[2] Judge Olson cited to and applied the *Franzese* factors in *In re Radson*, 462 B.R. 911 (Bankr. S.D. Fla. 2011) but denied relief under the facts of that case.

4

*Citizens Bank of Mass.*, 549 U.S. 365 (2007)("*Marrama*") gave hope to those who believe that § 105 can be used to right perceived wrongs despite clear language in the Bankruptcy Code that mandates a different result. The Supreme Court held in *Marrama* that, pursuant to § 105, a chapter 7 debtor who acts in bad faith forfeits his right to convert to chapter 13 notwithstanding the unambiguous language of 11 U.S.C. § 706, which grants an absolute right of conversion. This notion of a pumped-up § 105 was relatively short-lived and rebuked by the Supreme Court in a unanimous decision decided last term.

In *Law v. Siegel*, 134 S.Ct. 1188 (2014) ("*Siegel*") the Supreme Court overturned a bankruptcy court decision which, using § 105, surcharged a debtor's homestead $75,000 to pay a portion of the fees incurred by the chapter 7 trustee in prosecuting a fictitious loan created by the debtor to preserve equity in that homestead. The Supreme Court held that the bankruptcy court in *Siegel* abused its discretion because the $75,000 surcharge contravened 11 U.S.C. § 522(b)(3)(A) which, pursuant to California law, entitled the debtor to exempt $75,000 of his homestead, and because 11 U.S.C. § 522(k) in turn holds that exempt property "is not liable for payment of any administrative expenses…." 134 S.Ct. at 1197.

In denying the relief sought by the chapter 7 trustee the

5

Supreme Court held that "[i]t is hornbook law that § 105(a) 'does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code.'" *Siegel* at 1194. The Supreme Court further stated that

> [s]ection 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere.

*Id*.

In *Siegel*, Justice Scalia attempted to distinguish *Marrama*. Whether those efforts were persuasive or not, the Supreme Court made it clear that "*Marrama* most certainly did not endorse, even in dictum, the view that equitable considerations permit a bankruptcy court to contravene express provisions of the [Bankruptcy] Code." 134 S.Ct. at 1188.

*Siegel* was not a new interpretation of § 105. As the Court noted, "[w]e have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code. *Siegel*, 134 S. Ct. at 1194 *citing Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

Based on *Siegel*, the Motion to Extend must be denied and none of the justifications offered in *Whitaker* or *Franzese* can

6

change the result. In *Whitaker*, the court noted that "[t]he Debtors might just dismiss this case, file another, and move for imposition of the stay under § 362(c)(4)(B). They could then submit evidence that their counsel failed to ensure a § 362(c)(3)(B) hearing within the required 30-day period." *Whitaker* at 347. Judge Ray in *Franzese* finds this result "nonsensical" because "a debtor with only one previous filing is required to have a hearing on a motion within 30 days of the petition date, whereas a debtor with two or more filings need only make the request within 30 days of the filing but the hearing can be held anytime thereafter." *Franzese* at *4.

While it is often tempting to override the mandate of a statutory requirement in circumstances where, like here, the Code does not seem logical or application of the Code section will yield a harsh result, § 105(a) is not a panacea to correct judge-perceived legislative mistakes. *Whitaker* and *Franzese* both hold that it is inequitable for a party to suffer because of the inadvertence of counsel. If this was the standard, courts would be free to ignore all statutory deadlines and statutes of limitations if the failure to timely file papers was due to the inadvertence of counsel. Authority to do that does not exist. The Supreme Court's decisions preclude use of § 105 to contravene otherwise clear statutory language.

### Conclusion

The Debtor failed to timely file a motion to extend the automatic stay. As a result this Court could not hold a hearing within 30 days after the petition date as required by § 362(c)(3)(B). Therefore, under § 362(c)(3)(A), the stay terminated on the 30th day from the filing date, on June 21, 2014. Using §105(a) to extend the clear statutory deadline or to impose a different yet identical stay, would provide relief directly contrary to the clear text of § 362(c)(3)(A) and § 362(c)(3)(B). It simply cannot be done. Therefore, it is -

**ORDERED** that the Motion to Extend is denied.

###

COPIES TO:

Michael E. Zapin, Esq.
20283 State Rd 7 # 400
Boca Raton, FL 33498

Joseph B. Battaglia, Esq.
P.O. Box 25018
Tampa, Florida 33622-5018

Nancy K. Neidich, Esq.
P.O. Box 279806
Miramar, Fl 33027